CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 09 2009

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BETTY F. HERNANDEZ, | ) | CASE NO. 4:08CV00041 |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SSA, | ) | |
| | ) | By:  B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's

September 28, 2005 applications for a period of disability, disability insurance benefits, and

supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42

U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. §

636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings,

conclusions and recommendations for the disposition of the case.  The questions presented are

whether the Commissioner's final decision is supported by substantial evidence, or whether there

is good cause to remand for further proceedings.  42 U.S.C. § 405(g).  For the reasons that

follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the

Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment

and DISMISSING this action from the docket of the court.

In a decision issued on December 28, 2006, an Administrative Law Judge ("Law Judge")

found that plaintiff had not engaged in substantial gainful activity since her alleged disability

onset date, September 15, 2003, and that she met the insured status requirements under the Act

through December 31, 2008.  (R. 19.)  The Law Judge determined plaintiff had the following

severe impairments: degenerative disc disease of the cervical spine, plantar fasciitis and asthma (*Id.*) It was further determined that plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 20.) The Law Judge was of the belief that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 21.) The Law Judge found that plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work. (R. 20.) The Law Judge was of the belief that this RFC precluded plaintiff from performing her past relevant work.[1] (R. 22.) By application of the Medical-Vocational Guidelines ("grids"), the Law Judge determined that a finding of not disabled was compelled under Rules 201.18 and 201.24. (R. 23.) Thus, the Law Judge ultimately found plaintiff not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's December 28, 2006 decision to the Appeals Council. (R. 5-7.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 5.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support.

---

[1]Plaintiff's past relevant work includes work as a furniture wrapper. (R. 22.)

2

*Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff principally argues that substantial evidence does not support the Law Judge's finding that she has a "limited education." (Pl's Brief, pp. 3-5.) Rather, plaintiff contends that the evidence reveals that she is "illiterate," and the implication is that, if she is determined to be "illiterate," a finding that she was disabled is compelled under Rule 201.17[2] of the grids. (Pl's Brief, p. 5.) The undersigned disagrees and finds that substantial evidence supports the Law Judge's finding that plaintiff has a "limited education."

Under the Regulations, the term "limited education" refers to an

> ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 416.964(b)(3).

The term "illiteracy" is defined as the

> inability to red or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. § 416.964(b)(1).

_____

[2]To qualify under Rule 201.17, the evidence must demonstrate that a claimant is able to perform sedentary work, is a younger individual, is illiterate or unable to communicate in English, and has either no previous work experience or unskilled work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17.

3

To support of her claim that she is illiterate, plaintiff points to an evaluation performed by psychologist Blanch Williams, Ph.D. At the request of plaintiff's counsel, Dr. Williams evaluated plaintiff on September 19, 2006. (R.174.) The psychologist conducted the Wide Range Achievement Test, Revision 3 (WRAT3). She concluded that plaintiff's Reading and Arithmetic were at a second grade level, and that her Spelling was at a first grade level. (*Id.*)

The record reveals that, although plaintiff is mentally-challenged, she is not illiterate. For example, plaintiff was only held back in the fourth grade, and she progressed up to the seventh grade. (R. 40, 174.) She was able to take and eventually pass a written driving test and can drive alone. (R. 41, 109, 122.) The evidence further shows that plaintiff is able to pay her bills, make purchases at a store and count change, and manage a savings account. (R. 41, 109.) Plaintiff testified she can read "small words."[3] (R. 41.)

Evidence from the State agency physician, Richard M. Surrusco, M.D., also supports a finding that plaintiff has a "limited education." (R. 240-248.) For instance, Dr. Surrusco noted that plaintiff's activities of daily living show that she can handle her personal care such as driving a car, shopping for groceries, and handling her personal finances. (R. 246.) Moreover, a State agency psychologist, Julie Jennings, Ph.D., noted that plaintiff is able to drive a car, shop for groceries, and handle her personal finances. (R. 262.)

Plaintiff also argues that the Law Judge erred in failing to give appropriate weight to the opinion offered by consultative psychologist Dr. Williams. (Pl's Brief, pp. 5-8.) Specifically,

---

[3]While the Law Judge cited an IQ score revealed in plaintiff's school record as a factor for determining her illiterate, a person's IQ may have no bearing on literacy. (R. 23.) If the IQ had been the only factor relied upon to find that plaintiff was a person limited education, the Law Judge's decision would not be supported by substantial evidence. However, there was ample other evidence of plaintiff's literacy to support the Law Judge's finding.

4

plaintiff contends that Dr. Williams' opinion is entitled to "great weight," and essentially should have been considered controlling. (Pl's Brief, p. 8.)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)). For the same reasons set forth above, the undersigned believes there is substantial evidence to warrant the Law Judge's decision not to give controlling weight to Dr. Williams' findings.

It is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified

5

copy of this Report and Recommendation to all counsel of record.

ENTERED: _____

U.S. Magistrate Judge

_09-09-2009_

Date

6